CHARLES M. WING, GUARDIAN, v. EDWARD HIBBERT, A MINOR, ET AL.

SUPPORT OF CHILD WHOSE ESTATE IS SUFFICIENT.

> When the father is dead the mother is liable for the maintenance of her minor child; but when the estate of the child is sufficient for its support and exceeds that of the mother, the child should be maintained out of its own estate.

APPEAL.

ADAMS, J.

The case of Charles M. Wing, guardian of Edward Hibbert, a minor, against Edward Hibbert, a minor, Anna Chilcote and William H. Chilcote, has been submitted to the court upon the petition and answer of the guardian *ad litem* of the minor defendant, Edward Hibbert, and an agreed statement of facts.

The petition, pursuant to the provisions of sec. 6202, Rev. Stat., asks the instruction of the court as to the administration of the trust.

The petition sets forth that Edward Hibbert is the son and sole heir at law and next of kin of John H. Hibbert, who died intestate. That the defendant, Anna Chilcote, is the mother of said minor, and the widow of John H. Hibbert, who, since the death of John H. Hibbert, has married the defendant, William H. Chilcote; that this minor is living with his mother and her second husband as a member of her family. The petition alleges that John H. Hibbert left an estate valued, in real estate, at about $56,800. and personal property of the value of $8,500. It alleges the net rental value of the real estate, and that Anna Chilcote is entitled to one-third of the income for her life, and Edward Hibbert to the two-thirds thereof. And then, coming to the controversy: Anna Chilcote has presented to the guardian a claim for allowance for maintainance and support of her minor son, at the rate of three hundred and twenty-five dollars per year for four years; that the plaintiff is unable to determine and decide the right of Anna Chilcote to make the claim and of the plaintiff to pay the same; and he also asks the instruction of the court as to whether or not this guardian should pay for the maintenance and support of his ward as long as he resides with his mother, and whether she has a right to charge for the same.

The answer of the guardian *ad litem* says that the mother (Anna Chilcote) has ample possessions and ability sufficient to provide a suitable maintenance for said minor during his minority, and that it is not necessary to provide said suitable maintenance out of the estate of said minor.

It was agreed in the hearing of the case, that the annual rental of the store-building was $3052; the livery-stable $400: that the net income, after the payment of expenses and taxes, was $2056; that one-

Wing v. Hibbert.

third of that belonged to Mrs. Chilcote, $685., and two-thirds, $1371, belonged to the minor, represented by his guardian. It was also admitted that Mrs. Chilcote received $700. in cash from her husband's estate: that she received $2,000. in life-insurance, which had been invested in a homestead, where she now lives, worth fifteen hundred dollars, and that she had bought thirty-seven acres of land worth twelve hundred dollars, on which there was a mortgage of eight hundred dollars, leaving a net interest in the land of four hundred dollars, so that her estate amounts to seven hundred dollars in cash, a fifteen hundred dollar home, and a title to real estate worth, above indebtedness, four hundred dollars: that would give her eleven hundred dollars over and above her home, and, in addition to that, a net income of six hundred and eighty-five dollars, from the rentals.

There was considerable said in argument about the relative obligations of a father and of a mother to support their minor children.

The case of Fulton v. Fulton, 52 Ohio St. 229, lays down the rule. The case of Fulton v. Fulton was not exactly like this, but the rule is stated there: I read from page 238:

" The husband and father while living with his family is its head, is entitled to the services of his minor children and is liable for their reasonable support."

Of course, as to that, there was no controversy.

Where, however, the husband is dead, the modern and better rule is that the mother is the head of the family and entitled to the earnings and obedience of her minor children."

" And whenever the mother is entitled to the obedience and services of her minor children, it would seem to follow, necessarily, that she should maintain them. Harsh and anomalous, indeed, a rule of law must be that would give the earnings and custody of a minor child to a parent who was under no reciprocal obligation of maintenance. The duty of maintenance by the mother is asserted by Schouler, Domestic Relations, sec. 293; Mowbry v. Mowbry, 64 Ill., 383; In Dedham v. Natick, 16 Mass., 140, the court say: ' The mother, after the death of the father, remains head of the family. She has the like control over the minor children, as he had when living. She is bound to support them, if of sufficient ability; and they cannot, by law, be separated from her.'

" The cases, indeed, are rare, where a mother, having the ability, has declined to administer to the wants of her minor child. The law of nature is usually strong enough to secure this, and an appeal to municipal law is therefore seldom necessary. But, if a widowed mother with ample possessions should decline to administer to the necessities of her destitute minor child, a rule of law that would allow this, and suffer her to abandon it to private or public charity, would be a reproach to any system of jurisprudence."

We think that the general rule there, as to the obligation of the mother to support her minor child is well stated, by our Supreme Court. But, it will be noted there that emphasis is laid upon the statement as to her refusal to support or maintain a destitute minor child; and the case at bar differs from that case, and differs from the facts that are referred to in the statement of law by the Supreme Court. In this case there is a minor child, who is the owner in fee-simple of real estate worth sixty thousand dollars, as was agreed, subject

only to the dower-interest of his mother, and, practically, the minor child has twice the income of his mother ; it is exactly twice on the rentals, but, making an allowance for what the mother would receive from her other property, the income of the minor very greatly exceeds that of the mother.

Section 6271, Rev. Stat., reads : When a guardian is appointed to have the custody, maintenance, and education of a minor, his duties shall be as follows :

"First: To protect and control the person of his ward. Second: to provide a suitable maintenance for his ward, when necessary, which shall be paid out of the estate of such ward in the hands of the guardian of such estate, upon the order of the guardian of the person of such ward.

Third: When such ward has no father or mother, or having a father or mother, and such parent is unable or fails to maintain or educate such ward, it shall be the duty of the guardian so appointed to provide for him such maintenance and education as the amount of his estate may justify, which shall be paid out of the estate of such ward in the hands of the guardian of such estate, upon the order of the guardian of the person of such ward."

It is claimed that the statute fixes the rule that, no difference what the amount of the estate of the ward is, and how small, relatively, the estate of the parent, so long as the parent is able to maintain or support the child, the parent must do so, out of the parent's own estate, and the entire estate of the ward preserved to him until he comes of age.

This statute indicates what we think is the rule in all these cases, that what would be a proper maintenance and support for a minor who had a few thousand dollars of an estate would be one thing, and a proper maintenance and support for a minor who had an estate of sixty thousand dollars or a hundred thousand dollars, or even of a million dollars, would be a different sort of maintenance and support.

The statute says : " Such maintenance and education as the amount of his estate may justify."

Here is a woman with a comparatively small income. It is small compared with the income of her minor son. To say that she must support not only herself but her child out of her income of six or seven hundred dollars, and that the child, who has an income of nearly fourteen hundred dollars, should pay nothing for his support, is unjust and unfair to mother; and we would not so hold unless we were compelled to do so by the language of the statute; and we think that this statute must be construed in the light of the facts as they are presented to us in this case, looking to the relative size of the estates of the mother and of the child, and to the relative amounts of their income.

It seems to us that, under these circumstances, construing the statute in the light of these facts, this mother, with this comparitively small income, is unable to fairly maintain, support and educate this ward in the way that the amount of his estate would justify ; and, so far as the future maintenance and support of this ward are concerned, we direct the guardian that it is his duty to support and maintain the ward out of the ward's estate.

So far as the maintenance and support that has gone before is concerned, we think that the amount of that, and whether it is to be paid or not, cannot be determined in this action ; that the mother, who has furn-

ished this support, must have her right to be repaid, or to be paid for that, determined in an action at law; and a very important fact in that case would be whether she had furnished the maintenance and support voluntarily, and without the expectation of being paid for it.

There will be a decree directing or instructing the guardian in accordance with this opinion.

*Kibler* and *Kibler*, for plaintiff.

*Judge C. W. Seward* and *J. R. Fitzgibbon*, for defendants.